April 12, 2013

United States District Court
For the Western District of Washington
700 Stewart st.,
Suite 2310
Seattle, WA 98101

———FILED
———LODGED   MAIL
———RECEIVED

APR 19 2013

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

Re.   Zambezia Films (Pty.) Ltd. V. Does 1-70
      Civil Action No. 13-00312  *JLR*

Your Honor,

Please consider this request to quash or vacate the Subpoena.   Providing my personal information to Plaintiff may cause unnecessary harm and undue burden to me and my teenage daughter and younger sons.

Upon review of my computer use records, and after asking my children about any possible downloads from the internet, I did not find any download on 12/26/12.   Indeed, I have recently signed up with Comcast and established Wi-Fi service at home without any password.   This may have exposed my system for anyone in the area to use my ISP.

In addition, family was on the way south of Oregon for winter getaway with other families on 12/26/12. According to Frontier Law Group, PLLC acting on behalf of Zembezia Film Ltd allegedly a device with IP 71.56.140.216 downloaded something on 12/26/12 at 05:06:05 PM GMT.   Please, see attached statement from witnesses.

Finally, it appears self-serving for the Frontier Law Group to come up with such tactic of making money. I and all members of my family did not want to download or upload any Zembezia Film Ltd movie and did not infringe their copyrights along or in cooperation with any other person or agency.

Making my name and address public may cause lasting harm to our reputation, finances and wellbeing. It may cause disrespect at schools where my children go to, which may end up in reason to bully any one of them.   I live over 200 miles away from your court.  This may cause greater hardship, because of my disabled child needing me to be available. Please quash or vacate the Subpoena.

With respect,

*[signature]*

Alexander Petrov
25111 NE 25th St.,
Camas, WA 98607

13-CV-00312-NTC

April 12, 2013

United States District Court
For the Western District of Washington
700 Stewart st.,
Suite 2310
Seattle, WA 98101

Re.     Zambezia Films (Pty.) Ltd. V. Does 1-70
        Civil Action No. 13-00312

Your Honor,

Please be advised that Petrov family joined us early in the morning on 12/26/2012 in Sandy, Oregon, which is about sixty miles from their residence in Camas, WA. We all continued traveling to Sunriver, OR another three hours. There, we stayed in the same rental house for till 12/30/12.

Prior to this, we all stayed for Christmas party in Portland, OR till 10:00 p.m.   Petrov family was with us.

Name: _Irina Rybak_____  Signature _Rybak_____

Name: _Mikhail Rybak_____  Signature _____

Name: _Vera Voronin_____  Signature _Vera Voronin_____

Name: _Nadezhda Korolyev_____  Signature _Korol_____

| IP Address | HitDateUTC (MM/DD/YY) |
|---|---|
| 24.20.103.126 | 12/17/12 08:55:52 PM |
| 67.168.254.188 | 12/19/12 01:38:07 AM |
| 76.28.138.95 | 12/20/12 11:55:15 PM |
| 24.19.148.177 | 12/20/12 04:11:04 AM |
| 71.231.2.115 | 12/21/12 10:13:15 PM |
| 24.17.129.224 | 12/22/12 03:26:06 PM |
| 24.22.155.135 | 12/24/12 10:57:47 PM |
| 98.247.197.201 | 12/24/12 07:26:04 AM |
| 67.168.216.176 | 12/26/12 04:58:18 AM |
| 71.56.140.216 | 12/26/12 05:06:05 PM |
| 71.197.197.140 | 12/26/12 07:00:29 AM |
| 67.185.109.45 | 12/28/12 02:56:12 PM |
| 67.185.9.121 | 12/28/12 08:29:10 AM |
| 24.22.173.56 | 12/29/12 04:13:33 AM |
| 67.160.132.121 | 12/29/12 09:56:36 PM |
| 71.59.156.224 | 12/29/12 07:21:12 AM |
| 24.17.85.47 | 1/4/13 12:05:43 PM |
| 67.168.220.11 | 1/4/13 02:40:56 AM |
| 98.246.92.195 | 1/4/13 11:37:49 PM |
| 67.168.215.234 | 1/4/13 02:56:34 AM |
| 76.115.33.61 | 1/5/13 09:59:31 PM |
| 67.170.128.249 | 1/5/13 11:32:12 AM |
| 50.135.96.207 | 1/6/13 10:07:28 PM |
| 24.17.62.226 | 1/6/13 02:47:01 AM |
| 67.183.229.1 | 1/6/13 08:56:41 PM |
| 71.59.200.68 | 1/7/13 06:01:01 AM |
| 24.22.155.134 | 1/7/13 06:04:37 AM |
| 24.22.110.94 | 1/7/13 02:44:19 AM |
| 76.115.72.29 | 1/7/13 06:13:30 AM |

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Washington

| | | |
|---|---|---|
| ZAMBEZIA FILM (Pty.) Ltd. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 13-00312 |
| DOES 1-70 | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: All Names, Emails and Addresses associated with the IP addresses provided in attached list.

| Place: Frontier Law Group, PLLC<br>1001 4th Avenue, Suite 3200<br>Seattle, WA 98154 | Date and Time:<br>04/30/2013 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___03/15/2013___

*CLERK OF COURT*

OR

_____          s/Richard J. Symmes/
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

Richard J. Symmes
1001 4th Avenue, Suite 3200
Seattle, WA 98154 Ph:206-682-7975, Fax: 206-424-4691, Richard@symmeslaw.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1 service of the subpoena on the ISP to object to the subpoena pursuant to Fed. R. Civ. P.
2 45(c)(2)(B). The ISP shall not disclose defendants' identifying information during the
3 30-day period or if a timely objection is served unless and until the Court orders it to do
4 so. If an objection is served, the ISP shall preserve any material responsive to the
5 subpoena for a period of six months in order to allow plaintiff to move for an order
6 compelling production under Fed. R. Civ. P. 45(c)(2)(B)(i). If no objection is served, the
7 ISP shall comply with the subpoena within ten (10) days.

9 Plaintiff shall provide a copy of this Order with each subpoena issued
10 pursuant thereto.

12 Dated this 25th day of February, 2013.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING LEAVE FOR
PRELIMINARY DISCOVERY - 2









UNITED STATES POSTAL SERVICE

PRIORITY MAIL®
For Domestic and International Use

Flat Rate Mailing Envelope

Visit us at usps.com

INTERNATIONAL RESTRICTIONS APPLY:
Customs forms are required. Consult the International Mail Manual (IMM) at pe.usps.com or a retail associate for details.

PS00001035014

From
Alex Perov
2511 NE 25th ST.
Camas, WA 98607

TO
United States District Court
For The Western District of Washington
700 Stewart ST
Suite 2310
Seattle, WA 98101

Label 228, January 2008

Please Recycle

PRIORITY MAIL FLAT RATE PRE-PAID
Built-in Tracking
No postage label required
Free package pickup
In-store stamps pickup
usps.com/prepaid

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F-P-PP © U.S. Postal Service; June 2012. All rights reserved.

EP14F-P-PP June 2012 © U.S. Postal Service

Schedule package pickup right from your home or office at usps.com/pickup
Print postage online