UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZAMBEZIA FILM (PTY.), LTD., | ) |
| | ) |
|     Plaintiff, | ) Civil Case No. 2:13-00312-JLR-RSL |
| | ) |
| v. | ) |
| | ) |
| DOES 1-70, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DOE'S MOTION TO SQUASH [sic] SUBPOENAS**

COMES NOW, Plaintiff Zambezia Film (Pty.) Ltd., by and through undersigned counsel, respectfully requests the Court deny unknown Doe's Motion to squash [sic] or modify a subpoena directed at an Internet Service Provider (ISP) for the reasons argued below.

**I.     INTRODUCTION**

In the ever changing and evolving digital age that we live in, copyright infringement continues to be a problem and is on the rise nationwide.[1] Plaintiff has suffered great harm due to infringements committed by thousands of residents in the Western District of Washington and has no option but to file suit to prevent the further widespread theft of its copyright "While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored."[2] .

---

[1] See Google Tackles Piracy By Removing Millions of URLS  http://news.cnet.com/8301-1023_3-57441333-93/google-tackles-piracy-by-removing-millions-of-urls/#postComments and Google Transparency Report http://www.google.com/transparencyreport/removals/copyright/

[2] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

1

Plaintiffs Response to Motion to Quash                                                                                         Frontier Law Group, PLLC
13-00312 – JLR-RSL                                                                                                             1001 4th Ave, Suite 3200
                                                                                                                                                                                          Seattle, WA 98154

Other Federal Circuit courts have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe Defendants. The Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." In re Charter Communications, Inc., Subpoena Enforcement Matter, 393 F.3d 771, FN3 (8th Cir. 2005). Similarly, in Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany." As recent as **4/11/2013**, in an almost identical case to the case at bar, Judge Hammer of the U.S. District Court District of N.J. in Malibu Media LLC v. John Does 1-11 Case No. 2:12-cv-07726-KM-MAH Doc. 15 (Dist. NJ April 11, 2013) denied plaintiffs motion to quash and request to sever defendants for improper joinder for many of the reasons contained in this response. At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers identity. If this Court follows movants rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis.

## II.     THIS COURT SHOULD NOT QUASH THE SUBPOENA

This Court should not quash the subpoena because Plaintiff's need for the information to pursue its copyright infringement claim outweighs any privacy interest Defendant may have. *See* Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383, *8 (E.D. Pa. July 30, 2012) ("An internet user engaging in peer to peer file sharing has a minimum expectation of privacy.")  In Malibu, the Court noted that opening one's computer to the world, particularly for the purposes of copyright infringement, does not provide a Defendant with a significant privacy interest.  "One court aptly summarized this sentiment by stating that, 'it is hard to understand just

2

what privacy expectation he or she has after essentially opening up the computer to the world.' This expectation is even lower where the alleged transmissions include copyright protected works." Id.  Further, in the 9th Circuit, an IP address, and even the "to/from" fields for email, do not carry an expectation of privacy as these are akin to the address on a public package. United States v. Forrester, 495 F.3d 1041, 1049 (9th Cir., 2007) citing Smith v. Maryland, 442 U.S. 735, 99 S.Ct. 2577, (1979).  This Court granted Plaintiff limited discovery to serve a subpoena on Defendant's ISP because Plaintiff has no other way to identify the Defendants and proceed with its copyright infringement case against them. Plaintiff has requested only the identifying information of the Doe's from their ISP.  In the 9th Circuit, a party generally lacks standing to quash a subpoena issued to a non-party unless the party has a claim of privilege attached to the information sought or there is an implication to a protected privacy interest.  Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010).  There is no such privilege present in the instant case and Movants argument that they have standing cites no legal authority.

Individuals using Doe's IP addresses illegally downloaded Plaintiff's copyrighted work. Even assuming it was not the actual owner of the ISP account, under the broad discovery provided by the Federal Rules, the subscriber's information is still highly relevant because the subscriber is the most obvious person to identify who has used his or her internet service. "[E]ven assuming *arguendo* that the subscribers' name and information is not the actual user sought, The Plaintiff is of the opinion that it is reasonable to believe that it will aid in finding the true identity of the infringer and, therefore, we find that it is relevant. This is especially true, as in this case, where there is no other way to identify the proper defendants and proceed with claims against them." Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012).

3

Plaintiffs Response to Motion to Quash                                    Frontier Law Group, PLLC
13-00312 – JLR-RSL                                                        1001 4th Ave, Suite 3200
                                                                          Seattle, WA 98154

If the Court were to quash the subpoena, copyright holders would be unable to bring actions for copyright infringement on the Internet. The Supreme Court has held file sharing of copyrighted works is infringement. See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd. 545 U.S. 913, 125 S.Ct. 2764 (2005). Two circuit courts opined that Rule 45 subpoenas may be used to identify online copyright infringers. See In re Charter Communications, Inc. Subpoena Enforcement Matter, 393 F.3d 771, 774 (8th Cir. 2005); Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010). The Register of Copyrights testified before Congress that entertainment companies have the right to sue for peer to peer infringement and they should not apologize for doing so.[3] Courts unanimously hold that Plaintiff's First Amendment right under the Petition clause to bring a suit for infringement outweighs any First Amendment right proffered by an alleged infringer. See e.g., Sony Music Entertainment, inc. v. Does 1-40, 326 F.Supp.2d 556 (S.D.N.Y. 2004) (and the cases citing thereto).

The only way to enforce one's copyrights against online infringement is to subpoena the identity of the subscriber whose internet was used to commit the infringement. With out this ability, copyright owners would have a right without a remedy. Any such state of affairs would violate Chief Justice Marshall's often cited rule that "the very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he received an injury." Marbury v. Madison, 1 Cranch 137, 1803 WL 893, *17 (U.S. 1803).

A. **The Subpoena Does Not Impose an Undue Burden**

The Movants argument that a subpoena served upon the ISP's creates an undue burden on Doe's linked to IP addresses associated with residents of the Western District of Washington is

---

[3] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

4

misguided as all Doe's in this case are associated with an IP addresses traced to Western Washington cities (See **Exhibit A** filed with Complaint) and it has been noted that a "Doe defendant lacks standing to quash a subpoena on the ground of undue burden when the subpoena is directed to the ISP rather than to him." Voltage Pictures, LLC v. Does 1-5,000, 818 F. Supp. 2d 28, 36 (D.D.C. 2011). Therefore, the factual arguments of Movant fail on their face as in this case the Subpoena's were directed at ISP's and the movants have no standing to quash.

In order to establish good cause to demonstrate an undue burden, "the party moving to quash a subpoena bears the burden of persuasion." Webster v. Northwest Cancer Specialists, P.C. (D. Or., 2012), citing Green v. Baca, 226 F.R.D. 624, 653 (C.D. Cal. 2005). Further, Defendant must provide "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Silva v. Fortis Benefits Ins. Co., 437 F. Supp. 2d 819, 827 (N.D. Ill. 2006). Indeed, the Movants in this case have already caused his or her IP address to be broadcast repeatedly in communications and requests for data. Movant has designated through their ISP where the deliveries of requested data are to be made. "[T]here is no expectation of privacy in Internet subscriber information because it has already been exposed to a third party, the Internet Service Provider." *Courtright v. Madigan*, 2009 WL 3713654 at *2 (S.D. Ill. November 4, 2009). As such, there is no basis for Movant's Motion to Quash as there is neither privilege, undue burden, nor privacy interest.

    i.    Movant as Anonymous Party

Generally a party's desire to appear anonymously does not outweigh an opposing party's right to present their case and requires a showing of "special circumstances." *Does* I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067-68 (9th Cir. 2000). Such special circumstances

5

Plaintiffs Response to Motion to Quash    Frontier Law Group, PLLC
13-00312 – JLR-RSL    1001 4th Ave, Suite 3200
    Seattle, WA 98154

are balanced against the public interests which are best served when litigant's identities are revealed. Id. In the present case there is no such special circumstances claimed. The Defendant simply expects to be immune to the standard rules of discovery and the law with respect to the public policy favoring disclosure. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Absent a showing of special circumstances that outweigh the court and the public's interest in an open judicial system, Doe's should not be allowed to appear anonymously. As such, Defendant's motion in its entirety must be denied and the declaration of those associated with IP's named in the complaint should not be considered as it is possible they have never even reviewed the sworn declaration as it was never signed by the alleged infringers. For these reasons, an allegedly undue burden has not been suffered by Doe's in this case as the arguments to quash a subpoena are unpersuasive and fail on their face.

### III.  JOINDER IS PROPER

Fed. R. Civ. P. 20 permits joinder when plaintiffs **"**assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Rule 20(a) not only permits permissive joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability. Plaintiff has done both here and respectfully requests this Court to rule in line with other jurisdictions that have found joinder appropriate in copyright infringement BitTorrent actions.

A. **The Infringement Occurred Through a Series of Transactions**

For the word "series" to have any meaning in Rule 20(a), the rule must permit joinder to be proper when there is something other than a direct transaction. "Series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary. Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different <u>but</u> <u>for</u> each of the Defendants' infringements.

Recently, Judge Randon in the Eastern District of Michigan properly analyzed the facts in a near identical case, expending substantial effort to understand the allegations in the complaint and the applicable law. Judge Randon summarized the plaintiff's allegation asserting that each Defendant copied the same piece of the same file as follows:

> Plaintiff alleges that its investigator ("IPP") was able to download at least one piece of the copyrighted Movie from each Defendant (Dkt. No. 1 at 8–10). It is important to understand the implications of this allegation before determining whether joinder is proper. If IPP downloaded a piece of Plaintiff's copyrighted Movie from each Defendant (and, conversely, each Defendant uploaded at least one piece of the Movie to IPP) then each Defendant had at least one piece of the Movie—traceable via Hash Identifier to the same Initial Seeder—on his or her computer and allowed other peers to download pieces of the Movie. By way of illustration: IPP's computer connected with a tracker, got the IP address of each of Defendants' computers, connected with each Defendants' computer, and downloaded at least one piece of the Movie from each Defendants' computer. During this transaction, IPP's computer verified that each Defendants' piece of the Movie had the expected Hash; otherwise, the download would not have occurred.

7

Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, at *4-5 (E.D. Mich. Apr. 5, 2012).

Significantly, Judge Randon then explained through the force of clear deductive logic that each Defendant obtained the piece of plaintiff's movie in one of four ways all of which relate directly back to one individual seed.

> If Plaintiffs allegations are true, each Defendant must have downloaded the piece(s) each had on his or her computer in one, or more, of the following four ways:  1) the Defendant connected to and transferred a piece of the Movie **from the initial seeder;** or 2) the Defendant connected to and transferred a piece of the Movie **from a seeder** who downloaded the completed file from the initial seeder or from other peers; or 3) the Defendant connected to and transferred a piece of the Movie **from other Defendants** who downloaded from the initial seeder or from other peers; or 4) the Defendant connected to and transferred a piece of the Movie **from other peers** who downloaded from other Defendants, other peers, other Seeders, or the Initial Seeder. In other words, in the universe of possible transactions, at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP. Id.

Having limited the universe to four possibilities the court correctly concluded the transaction was logically related.

### i.   The Supreme Court Encourages Joinder

"Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).

In United States v. Mississippi, 380 U.S. 128 (1965) the Supreme Court found that the joinder of six defendants, election registrars of six different counties, was proper because the allegations were all based on the same state-wide system designed to enforce the voter registration laws in a way that would deprive African Americans of the right to vote.  Although the complaint did not allege that the registrars directly interacted with each other, or even that

they knew of each other's actions, or that each other's actions directly affected each other in any way, the Supreme Court interpreted Rule 20 to hold a right to relief severally because the series of transactions were related and contained a common law and fact. Id. at 142-143. Indeed, the Supreme Court held all of the defendants were joined properly because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, in the case at bar, it is not necessary for each of the Defendants to have directly interacted with each other Defendant, or have shared a piece of the file with each and every Defendant when downloading the movie. The Defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers. In doing so, the Defendants all acted under the same exact system. It is not necessary for the Defendants to have shared the pieces of the movie with each other. It is sufficient that the Defendants shared pieces that originated from the same exact file, and opened their computer to allow others to connect and receive these pieces.

### B. There Are Common Issues of Fact and Law

Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact. The Honorable Judge Tharp of the Northern District of Illinois, issued an opinion stating that joinder was proper because the plaintiff "allege[d] in its complaint that the defendants participated in the swarm simultaneously and that it observed the defendants transferring data from the Video between themselves." Sunlust Pictures, LLC v. Does 1-75, 12 C 1546, 2012 WL 3717768 at *4 (N.D. Ill. Aug. 27, 2012). Judge Tharp also found that the claims against the Doe Defendants clearly contained common questions of law and fact.

> Rule 20 requires only that "any question of law or fact [be] common to all defendants," not that *every* question of law or fact be common. Accordingly,

9

joinder is proper here, and the Court denies Doe's motion to sever for improper joinder. Id.

Likewise, all of the Doe defendants in this case participated in the same swarm. Similar cases in other districts have held the same. "The Plaintiff meets this requirement. In each case, the Plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders." Nu Image, Inc. v. Does 1-3, 932, 2:11-CV-545-FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12, 2012).  The "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant." Call of the Wild Movie v. Does 1-1,062, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011).

"Here, common questions of law and fact are present. Defendants are all accused of violating the same copyright laws. Additionally, the interconnectedness of using BitTorrent to complete the alleged acts creates common questions of fact. Consequently, we find that this low standard is satisfied." Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012).  The fact that each Doe Defendant may later assert "individual defenses that 'differ wildly'… does not mean that joinder is improper" as Defendant suggests. Id.

### C. Joinder Promotes Judicial Efficiency

Joinder of the defendants creates judicial efficiency, particularly at this stage of the litigation process and is beneficial to the Doe's in this case. "[J]oinder at this stage is . . . in the interest of convenience and judicial economy [and] does not create any unnecessary delay nor does it prejudice any party. Rather, severance is more likely to likely to cause delays and prejudice [Plaintiff] and future named defendants alike." First Time Videos, LLC v. Does 1-500, 276

10

Plaintiffs Response to Motion to Quash                                    Frontier Law Group, PLLC
13-00312 – JLR-RSL                                                        1001 4th Ave, Suite 3200
                                                                          Seattle, WA 98154

F.R.D. 241, 252-53 (N.D. Ill. 2011).  The Eastern District of Pennsylvania has addressed this issue and stated, "consolidating early discovery for the purpose of determining the scope of claims and defenses will foster judicial economy."  <u>Raw Films, Ltd. v. John Does 1-15</u>, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012).  Allowing permissive joinder, at least for the initial stages of these cases, allows them to be managed in an economical and efficient manner for all parties, including the court, plaintiff, and notably the defendants.

With respect to the benefits the plaintiff received, that is admitted.  A single consolidated case, results in more efficient management of paperwork and an obvious financial savings.  With respect to the defendants, what joinder permits is for plaintiff to manage cases at a reduced costs and to accept settlements in lesser amounts, in particular as costs and fees for willful infringement are properly assessed against defendants. If plaintiff was forced to proceed against defendants individually, without a doubt costs and fees would be higher and settlements would be higher.

### IV. **COUNSELS DECLARATION SHOULD NOT BE CONSIDERED**

Movants counsel in this case has filed a sworn declaration holding himself out as an expert in movie and music download cases, yet has provided no evidence of understanding of the forensic technology involved, costs incurred to regulate copyrights or the movie industry in general.  Further, counsel is using the declaration to make legal arguments (not state facts) and this should be considered a violation of LCR 7(e)(3) for exceeding page limits. Therefore counsel's declaration (and supporting evidence) should not be considered and seen as fact. Movant's counsel alleges that this case is a get rich quick scheme and the cases were not brought to right a wrong.  This statement is completely false and misguided. Movie studios spend

millions of dollars to make and produce a film and then have to incur more cost to enforce their copyrights and hire a forensic investigation company and attorneys to regulate infringement. *see* (Dec. of Darren M. Griffin filed with motion for early discovery).  Further counsel implies that the cases filed at bar are similar to those filed by other firms in which 4,000 people were sued in one case which has not occurred here.  All cases filed have included less than 71 IP addresses all of which have been joined together by their identical hash numbers which identify the swarm and the film downloaded, additionally they are all residents of the western district of Washington. Further counsel makes wild assumptions with no support as to the actual amount of cases that have been settled and for what dollar amounts (asking for a higher fee doesn't mean that's what is actually paid) and then makes irrelevant statements about pornographic films which law firms have enforced copyrights for.  Counsel argues these cases may cause embarrassment and scare people into settling, however this is not the intent or any part of the cases at bar.  Indeed, the plaintiffs' intent is to enforce their copyrights and identify infringers and hold those responsible for their actions. For these reasons, counsel's declaration should not be considered.

## CONCLUSION

For the foregoing reasons, as well as for the reasons stated in the Court's Show Cause Orders previously filed, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: April 23, 2013                             Respectfully submitted,
                                                  FRONTIER LAW GROUP, PLLC

                                        By:   /s/ *Richard J. Symmes*
                                              Richard J. Symmes, Esq. WSBA #41475
                                              1001 4th Ave, #3200
                                              Seattle, WA 98154
                                              Tel:  (206) 682-7975
                                              Fax:  (206) 424-4691
                                              Email:  Richard@symmeslaw.com

12

## CERTIFICATE OF SERVICE

      I hereby certify that on April 23, 2013, I electronically filed this document with the Clerk of the Court using the CM/ECF electronic filing, which will provide notice to all counsel of record herein.

                                           /s/ *Richard J. Symmes*
                                           Richard J. Symmes, Esq. WSBA #41475
                                           Attorney for Plaintiff

13

Plaintiffs Response to Motion to Quash                                        Frontier Law Group, PLLC
13-00312 – JLR-RSL                                                        1001 4th Ave, Suite 3200
                                                                                                      Seattle, WA 98154